# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAYA SENANAYAKE, | 3:08-CV-0210-BES (VPC) |
| Plaintiffs, | |
| vs. | **ORDER** |
| DAVID RODLI, et al., | |
| Defendants. | |

Before the court is plaintiff's motion to respond to defendants (sic) supplemental submission for order requiring security (#74), and defendants' joint motion to strike (#80)

## I.     Procedural Background

Plaintiff, Daya Senanayake ("plaintiff") filed his original complaint (#1) on April 18, 2008, in which he alleged five claims for relief against defendant, SolarMission Technologies, Inc. ("defendants"), including injunctive relief for a violation of Nev. Rev. Stat. Chapter 78 and corporate bylaws, breach of contract, breach of good faith and fair dealing, declaratory relief, and accounting. *Id*. Plaintiff brought each of these claims as individual rather than derivative claims. *Id*. Plaintiff filed his first amended verified complaint on January 27, 2009, in which he added three new claims for relief, two of which are derivative claims on behalf of defendants (#35). Plaintiff added a sixth claim for relief for conversion and a seventh claim for relief for breach of fiduciary duty and self-dealing, which are both derivative claims. *Id*. p. 24-26. Plaintiff also added David Rodli, Roger Davey, and EnviroMission Ltd. as defendants, and an eighth claim for relief for tortious interference with contract against these new defendants. *Id*. p. 26-27. Defendants moved to dismiss the first amended verified complaint (#40), and defendant David Rodli moved to dismiss the claims against him based on lack of jurisdiction (#46). These motions are currently under submission with the District Court.

Defendants filed a motion for an order requiring plaintiff to "furnish security pursuant to NRS 41.520(3)" (#s 44, 45, & 50). Plaintiff opposed (#51) and Defendants replied (#58). The court set a hearing on this motion for June 1, 2009 (#61). Thereafter, plaintiff filed a motion to continue hearing and extend time for defendants Roger Davey and EnviroMission Ltd.'s motion to dismiss and motion for order shortening time (#63). On that same date, plaintiff's counsel filed a motion to withdraw as counsel and for order shortening time (#64).

On May 22, 2009, this court held a hearing to consider plaintiffs' motions (#73). The court granted the Gunderson Law Firm's motion to withdraw as attorney for plaintiff and gave plaintiff until June 22, 2009 to retain new counsel. *Id.* If plaintiff was unable to retain counsel, the court advised that plaintiff that he would act in *pro se* as his own attorney, and the action would proceed. *Id.*

The court and the parties also discussed the necessity of a hearing on defendants' motion to furnish security, and defendants suggested that in lieu of a hearing, defendants could file supplemental points and authorities in support of the amount of the bond. *Id.* Thereafter, the court would issue a written order concerning the motion without oral argument. *Id.* The court agreed to this proposal and defendants were ordered to file their supplemental brief no later than June 5, 2009. *Id.*

Plaintiff did not substitute new counsel and now represents himself in *pro se.*

On June 5, 2009, defendants filed their joint supplemental brief with a declaration concerning the proposed amount of the bond (#75). However, on June 2, 2009, plaintiff filed a motion to respond to defendants (sic) supplemental submissions for order requiring security (#74), which defendants jointly opposed (#76). Before the court could rule on plaintiff's motion (#74), plaintiff filed a document styled as "plaintiff's motion objecting to defendants (sic) motion filed on June 6th 2009 and supplemental request for order requiring security" (#s77 & 79).

This drew defendants' joint motion to strike (#80). Plaintiff did not oppose, and defendants filed a joint reply so advising the court (#85). Four days later, plaintiff filed an opposition to defendant's (sic) reply in support of joint motion to strike (#86) in which he advised the court that given the length of time it takes mail to reach Sri Lanka, plaintiff had not received the underlying joint motion to strike until after the time had expired for filing an opposition.

## II. Discussion and Analysis

Defendants's motion for order requiring security (#44) was filed on March 2, 2009, and plaintiff – through retained counsel – filed a comprehensive opposition addressing the merits of that motion (#51). The defendants filed their reply on April 3, 2009 (#58), and the matter was set for hearing. When plaintiff's counsel moved to withdraw in May 2009, that matter was set for hearing on May 22, 2009 (#73). It was during this hearing that counsel and the parties discussed whether an evidentiary hearing was necessary, and it was suggested that the matter could be submitted on the briefs, as long as the defendants could supplement their motion with a declaration concerning the amount of security proposed to be posted in the event the court granted defendants' motion. *Id.* Plaintiff was present telephonically for that hearing and did not request leave to file supplemental points and authorities. *Id.*

Plaintiff subsequently sought leave to respond to defendants' supplemental papers (#74), but then filed his opposition (#77) nine days later, before the court decided whether leave would be granted. This drew defendants' joint motion to strike (#80). While it is true that greater latitude is accorded to parties who appear *pro se*, plaintiff filed his opposition in violation of Local Rule 7-2, which permits parties to oppose motions filed with the court. Apart from this procedural error, the court agrees with defendants that plaintiff's motion (#77) raises substantive legal arguments about the underlying motion for order requiring security, which has been fully briefed since April 2009. The sole purpose of defendants' supplement was to propose an amount of security required in the event the court grants defendants' motion, and this is what defendants did.

In his papers, plaintiff contends that rather than transmit their joint motion to strike via electronic mail, defendants sent it to Sri Lanka via regular mail, thus making it impossible for plaintiff to timely respond to defendants' motion (#86), since he received the motion after the deadline to oppose had passed. Given the delays that arise in sending plaintiff court papers via regular mail, defendants are directed to send all future filings via electronic mails ("email") and to provide a certificate of service to that effect.

## III. Conclusion

Based upon the foregoing, and for good cause appearing, IT IS ORDERED:

3

1. Plaintiff's motion to respond to defendants (sic) supplemental submissions for order requiring security (#74) is **DENIED;**

2. Plaintiffs' joint motion to strike the motion objecting to defendants (sic) motion filed on June 6, 2009 and supplemental request for an order requiring security (#80) is **GRANTED;** and

3. Plaintiff's motion to file documents to court by fax or participate in the court's electronic filing system (#78) is **GRANTED in part**. Plaintiff shall be permitted to file documents by fax only.  Defendants' responses to plaintiff's filings shall be calculated from the date of service.  Defendants shall hereafter send all court filings and other legal papers to plaintiff via electronic mail and file a certificate of electronic service with the Clerk of Court.

**IT IS SO ORDERED.**

DATED:  July 31, 2009.

_____
UNITED STATES MAGISTRATE JUDGE