```
_____ FILED         _____ RECEIVED
_____ ENTERED       _____ SERVED ON
                     COUNSEL/PARTIES OF RECORD

         AUG 1 2

       CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAYA SENANAYAKE, an individual,  )   3:08-CV-00210-BES-VPC
                                 )
         Plaintiff,              )
                                 )   **ORDER**
v.                               )
                                 )
DAVID RODLI, an individual, ROGER )
DAVEY, an individual, and        )
ENVIROMISSION LTD., an Australian )
corporation, and SOLARMISSION    )
TECHNOLOGIES, INC., a Nevada     )
corporation,                     )
                                 )
         Defendants.             )
_____)

Currently before the Court is Defendants Roger Davey and Enviromission LTD.'s Motion to Dismiss (#62) filed on May 5, 2009. Plaintiff Daya Senanayake ("Senanayake") filed an Opposition to Roger Davey and Enviromission Ltd's Motion to Dismiss (#82) on July 5, 2009, and an Errata to Plaintiff's Opposition (#84) on July 16, 2009. Defendants filed a Reply (#83) on July 17, 2009.

## BACKGROUND

On January 27, 2009, Senanayake filed a First Amended Verified Complaint (#35) against various defendants including Roger Davey ("Davey") and Environmission Ltd. ("Environmission"). According to the allegations in the complaint, Davey is an individual whose "residence is in Ceres, Victoria, Australia." First Amended Complaint (#35) at 2. The complaint further states that Davey "is a purported director and president" of SolarMission Technologies, Inc., a Nevada corporation, and in that capacity Davey "authorized, directed or

1

participated" in various actions "on behalf of SMT" that damaged Senanayake and SMT. Id. As to Enviromission, the complaint states that it is "an Australian corporation, with its principal place of business in Victoria, Australia." Id. According to the complaint, "Enviromission has transacted business in the State of Nevada by directing its activities into Nevada when it made a merger offer to SMT, and when it made a stock exchange offer to all shareholders of SMT, for the acquisition of majority control of SMT, a Nevada corporation." Id. at 2-3.

Davey and Enviromission (collectively referred to herein as "Defendants") filed the current motion to dismiss on the basis that they "are both residents of Australia and do not have sufficient contacts with the State of Nevada for this Court to find that it has personal jurisdiction over them." (Motion to Dismiss (#62) at 2). According to Defendants, "Davey has only been to the State of Nevada one time, and that was to meet with attorneys on behalf of SolarMission in regard to the present action." Id. Enviromission similarly lacks sufficient contacts with Nevada because it " has never marketed, solicited, or directed its activities into the State of Nevada." Id. Moreover, Defendants argue that "[t]he alleged actions underlying the claims against Davey and Enviromission did not take place in Nevada, were not directed toward Nevada, and cannot form a basis for personal jurisdiction to exist within the State of Nevada." Id. at 3.

## DISCUSSION

A plaintiff has the burden of establishing that the court has personal jurisdiction over a defendant. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). If the district court decides the motion without an evidentiary hearing, then the court "only inquires into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction." Id. (internal quotations and citations omitted). "Uncontroverted allegations in the plaintiff's complaint must be taken as true," and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." Id.

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." Id. "Under Nevada's long-arm statute, the Court's jurisdiction is as broad

as authorized by due process under the United States Constitution."[1] Klein v. Freedom Strategic Partners, 595 F.Supp.2d 1152, 1157-58 (D. Nev. 2009)(citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court, 122 Nev. 509, 134 P.3d 710, 712 (Nev. 2006)).  Due process requires that a defendant have "minimum contacts" with the forum state, "'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002)(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant - general jurisdiction and specific jurisdiction.  Boschetto, 539 F.3d at 1016.  In this matter, Senanayake argues that the Court has both general and specific jurisdiction over the Defendants.

**A.   General Jurisdiction**

In order to exercise general jurisdiction, a "defendant's contacts with a forum [must be] so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." Menken v. Emm, 503 F.3d 1050, 1057 (9th Cir. 2007).  Here, the Court finds that there is no general personal jurisdiction over the Defendants.  Senanayake concedes that both Davey and Enviromission are residents of Australia.  Moreover, Senanayake does not provide any evidence that Defendants have substantial, continuous, or systematic contacts with Nevada.  Rather, Senanayake's argument for general jurisdiction relates to Davey and Enviromission's interactions with SMT, a Nevada corporation. Specifically, Senanayake argues that Defendants are subject to jurisdiction in Nevada based on the fact that Davey was a director of SMT for several years, and Environmission was involved in merger negotiations with SMT.  However, these assertions alone are not sufficient to impose general jurisdiction on the Defendants.  As such, this case is subject to dismissal unless specific jurisdiction can be imposed.

---

[1] Specifically, NRS 14.065(1) states that: "A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States."

### B. Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine "whether the exercise of specific jurisdiction over a nonresident defendant is appropriate." Boschetto, 539 F.3d at 1016.

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum thereby invoking the benefits and protections of the laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. "The plaintiff bears the burden on the first two prongs." Id. If the plaintiff fails at the first step, "the jurisdictional inquiry ends and the case must be dismissed." Id.

In their motion to dismiss, Defendants argue that they are both residents of Australia "and do not have sufficient contacts with the State of Nevada for this Court to find that it has personal jurisdiction over them." (Motion to Dismiss (#62) at 2). According to Defendants, "[t]he fiduciary shield doctrine bars Davey from being subject to personal jurisdiction in Nevada based upon actions [he took] as President of [SMT]." Id. at 4. Moreover, "Davey, individually, does not have sufficient contacts with the State of Nevada to be subject to suit [there]." Id. "Likewise, Enviromission lacks sufficient contact with Nevada" because "it has never conducted business within the State of Nevada." Id. In response, Senanayake claims that the court has specific jurisdiction over Davey because he listed his business residence as 995 Forest Street, Reno, Nevada 89509 on the filings for SMT with the Nevada Secretary of State, and because he acted as "a purported director" for a Nevada corporation.[2] (Opposition to Motion to Dismiss (#82) at 3). In this regard, Senanayake asserts that Davey submitted himself to jurisdiction as an individual because he "did not hold shareholder meetings" for SMT and thus "violated [his] fiduciary duties" to that company. Id. at 3-4. As to Enviromission, Senanayake argues that it is subject to specific jurisdiction because Enviromission was engaged in merger negotiations with SMT and SMT is "a corporation registered in Nevada

---

[2] According to Senanayake, Davey has sufficient contact with Nevada because he filed annual returns and other documents on SMT's behalf with the Nevada Secretary of State. See Opposition to Motion to Dismiss (#82) at 7).

4

under the laws of Nevada with a Registered Office in Nevada and a Registered Agent in Nevada." Id. at 13. Specifically, Senanayake alleges that Enviromission made an offer to SMT shareholders to "exchange shares held in a Nevada corporation." Id.

"Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989). "The Nevada Supreme Court has not determined the status of the fiduciary shield doctrine in Nevada, and other courts disagree as to the extent of its application." Klein, 595 F.Supp.2d at 1158. "Nevertheless, precedent from the United States Supreme Court and the Ninth Circuit establishes that any application of the fiduciary shield doctrine is limited." Id. "Specifically, although the Court cannot acquire personal jurisdiction over employees based on their employers' forum activities, 'their status as employees does not somehow insulate them from jurisdiction.'" Id. (quoting Davis, 885 F.2d at 521). Rather, "the court must assess each defendant's contacts individually." Id.

In this matter, assessing Davey's contacts individually, the Court finds that Davey did not maintain contacts with Nevada sufficient to authorize this Court to exercise personal jurisdiction over him in an individual capacity. As noted in the complaint, Davey is not a resident of Nevada. In addition, Davey has provided evidence that he "has only been to Nevada one time, and that was to meet with attorneys from [SMT] in regards to the present lawsuit." (Motion to Dismiss (#62) at Exhibit 1). Moreover, Davey has not directed business activities toward Nevada, and none of the acts that form the basis of Plaintiff's claims took place in Nevada. Id. Although Senanayake argues that this Court has jurisdiction over Davey, Senanayake has failed to show that Davey purposefully availed himself individually to Nevada. Rather, Senanayake focuses on the fact that Davey was a director and officer of a Nevada corporation and took action in that capacity. However, any forum-related contact by Davey was made on behalf of the corporation. Senanayake did not allege that Davey was conducting business in Nevada in an individual capacity, or that Davey was conducting personal activities in Nevada. Based on the foregoing, dismissal of the claims against Davey for lack of personal

1  jurisdiction is appropriate.

2  In addition, the claims against Enviromission are also dismissed for lack of personal 3 jurisdiction. Like Davey, Enviromission is not a resident of Nevada. In addition, 4 Enviromission's alleged merger activities with SMT did not create sufficient contacts with 5 Nevada to authorize this Court to exercise personal jurisdiction over it. Specifically, 6 Enviromission never marketed, solicited or conducted business activities within the State of 7 Nevada, and did not direct its activities toward Nevada. (Motion to Dismiss (#62) at Exhibit 1). 8 Although Enviromission was engaged in merger negotiations with SMT, those negotiations had 9 no relation to this forum outside the fact that SMT is a Nevada corporation. In this regard, 10 none of the negotiations occurred within Nevada, nor were any of the representatives of either 11 Enviromission or SMT residents of Nevada. Id. Moreover, the merger never occurred. 12 Finally, the stock exchange offer made by Enviromission to SMT did not create sufficient 13 contacts because none of the shareholders or warrant holders of SMT were located within the 14 State of Nevada. As such, this Court lacks personal jurisdiction over Enviromission.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Defendants Roger Davey and Enviromission Ltd.'s Motion to Dismiss (#62) is GRANTED.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 12th day of August, 2009.

UNITED STATES DISTRICT JUDGE